IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH E. LEE,

    Plaintiff,

v.                                       Civil Action No. 5:04CV109
                                                    (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.   <u>Procedural History</u>

The plaintiff, Kenneth E. Lee, filed an action in this Court on September 30, 2004, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The plaintiff filed a motion for summary judgment on March 4, 2005. The defendant filed a motion for summary judgment on April 7, 2005. Magistrate Judge Kaull considered the plaintiff's and defendant's motion for summary judgment and submitted a report and recommendation. In his report, the magistrate judge recommended that the plaintiff's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted because substantial evidence supports

the finding of the Administrative Law Judge ("ALJ") as to assignment of weight to the opinions of plaintiff's treating physicians, Drs. Blatt and Schmitt. Upon submitting this report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On June 5, 2002, the plaintiff filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") alleging disability since March 15, 2002. The state agency denied plaintiff's application initially and on

reconsideration. The plaintiff requested a hearing which Administrative Law Judge Donald McDougall held on June 24, 2003. The plaintiff was represented by counsel, Jonathan Bowman, and had Vocational Expert Eugene Czuczman testify. On October 15, 2003, the ALJ entered his decision finding that the plaintiff was not disabled. On July 27, 2004, the Appeals Council denied plaintiff's request for review of the ALJ's decision. The plaintiff then filed the present action with this Court.

### III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

### IV. Discussion

The plaintiff filed a motion for summary judgment asserting that the ALJ erred in his refusal to assign greater weight to plaintiff's doctors' testimony. In his motion for summary

3

judgment, the plaintiff contends that his treating physician is entitled to great weight because it reflects and expert judgment based on the continuing observation of his condition over the prolonged period of time. The plaintiff asserts that the ALJ erred by not affording great weight to the opinion of the plaintiff's treating physicians, both Drs. Blatt and Schmitt. The Commissioner argues that substantial evidence supports the ALJ's findings to give plaintiff's treating physicians opinions little weight. Defendant asserts that the treating physicians were not supported by objective medical findings and were inconsistent with other substantial medical evidence.

    A.   <u>Dr. Blatt's Testimony</u>

The plaintiff asserts that Dr. Blatt's treatment records did support his findings. Specifically, plaintiff argues that the records of Dr. Blatt fully document the plaintiff's pulmonary difficulties on numerous occasions. The plaintiff also argues that the ALJ did not even cite the chest x-rays dated March 5, 2002.

The magistrate judge considered plaintiff's argument in light of <u>Coffman v. Bowman</u>, 829 F.2d 514, 518 (4th Cir. 1987), which states that the "opinion of the claimant's treating physician should be given great weight and may be disregarded only if there is persuasive contradictory evidence."[1]  See also <u>Craig v. Chater</u>,

---

[1] This is also commonly known as the attending physician's rule.

76 F.3d 585, 590 (4th Cir. 1996)("Circuit precedent does not require that a treating physician's testimony 'be given controlling weight.'")(quoting Hunter v. Sullivan, 993 F.2d 31 (4th Cir. 1992)).

The magistrate judge correctly stated that the ALJ did cite the x-rays dated March 5, 2002. Further, Dr. Blatt's opinions were inconsistent with his own reports and the reports of other physicians. For example, Dr. Blatt had stated that plaintiff did not have rales, rhonchi, or wheezes and consistently reporting that the claimant was not in respiratory distress. However, in Dr. Blatt's pulmonary residual functional assessment, he stated that Mr. Lee was limited "to less than sedentary exertional level with an inability to sit, stand, and/or walk for more than two hours in an eight-hour workday . . . ." (Report and Recommendation 20.) Further, Dr. Blatt's report consists of numerous symptoms which were either not diagnosed on prior assessments or listed by other physicians. In fact, the plaintiff denied having asthma or chronic bronchitis to another physician, Dr. Nutter. However, Dr. Blatt diagnosed Mr. Lee with these ailments.

The magistrate judge correctly concluded that the opinion of Dr. Blatt is inconsistent with his own findings and further inconsistent with objective medical evidence in the record. This Court agrees that the physician's testimony cannot be given great

weight when there is persuasive contradictory evidence, as in the present case.

B. Dr. Schmitt's Testimony

The plaintiff argues that Dr. Schmitt's finding that the plaintiff was disabled is consistent with the record and the plaintiff's own statements. The plaintiff argues that this Court should grant summary judgment in the above-styled action because the Commissioner erred in refusing to assign greater weight to Dr. Schmitt's testimony, a treating physician.

The magistrate judge considered plaintiff's argument in light of Coffman v. Bowman, 829 F.2d 514, 518 (4th Cir. 1987), which states that the "opinion of the claimant's treating physician should be given great weight and may be disregarded only if there is persuasive contradictory evidence."[2] See also Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)("Circuit precedent does not require that a treating physician's testimony 'be given controlling weight.'")(quoting Hunter v. Sullivan, 993 F.2d 31 (4th Cir. 1992)).

The ALJ found that persuasive evidence contradicts Dr. Schmitt's opinion that plaintiff is totally disabled because Dr. Schmitt stated that plaintiff's condition, except for dyspnea on exertion, was normal. Further, Dr. Schmitt reported that the

---

[2]This is also commonly known as the attending physician's rule.

plaintiff was totally disabled.  Clinical and laboratory diagnostic testing do not support this finding.  The magistrate judge correctly concluded that the opinion of Dr. Schmitt is inconsistent with his own findings and further inconsistent with objective medical evidence in the record.  This Court agrees that the physician's testimony cannot be given great weight when the there is persuasive contradictory evidence, as in the present case.

V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety.  For the reasons stated above, it is ORDERED that plaintiff's motion to summary judgment be DENIED and that the defendant's motion for summary judgment be GRANTED because the opinions of plaintiff's treating physicians, Dr. Blatt and Dr. Schmitt, are inconsistent with the results of objective clinical and laboratory diagnostic techniques and the opinions of other examining and consultive physicians.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    November 18, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
